THE CITY OF LOCKPORT AND BENJAMIN J. HUNTING, RESPONDENTS, IMPLEADED WITH OTHERS, *v.* JAMES F. FITTS AND OTHERS, APPELLANTS.

*Costs — distribution of, among attorneys for the city of Lockport where they successively render services in the same action.*

APPEAL from a judgment, entered upon a decision of the court rendered at the Niagara Circuit and Special Term, upon the submission of a controversy on facts admitted, pursuant to section 1279 of the Code of Civil Procedure.

The case relates to the distribution of a fund consisting of the costs recovered by the city of Lockport in an action brought against it by Mary C. Works. The action against the city was begun in October, 1877, was tried and appealed to the General Term of this court and to the Court of Appeals, and it finally resulted in a judgment of the latter court in favor of the defendant, which, upon filing a remittitur, was made the judgment of this court in February, 1885. During the progress of the action the city was represented successively by the several persons who, for the time being, held the office of city attorney. To this there was one exception for a brief period near the close of the litigation, when, the office of city attorney being filled by Mr. Ransom, who was one of the attorneys of Mrs. Works in the action, the city was represented by Mr. Hunting under a resolution of the common council. The term of office of the city attorney is one year. The successive city attorneys who represented the city in the course of the action, or their assignees, are parties to this controversy, and they claim to be entitled to the costs taxed and allowed for the services rendered by them, respectively, for the city during their respective terms of office. Mr. Hunting is also a party and he claims to be entitled to the whole fund, he having collected it while acting for the city. The trial court held that the entire costs belong to the city, and no part of them to either of the attorneys.

The court at General Term said: " In general the costs recovered in an action belong to the successful party and not to his attorney. But the charter of the city of Lockport provides that the attorney of the city shall receive an annual salary of five hundred dollars for

his services, and 'that, in actions brought or defended by him in any court of record wherein costs shall be adjudged in favor of said city, he shall be entitled to have and receive the same when collected.' (Laws 1873, chap. 387, § 27.) The learned trial judge construed that provision to mean that the city attorney, in office at the time when an adjudication is made in an action in which the city is a party, is entitled to the costs awarded to the city in such action, and that as at the time of the final adjudication in the Works' suit the city was represented by Mr. Hunting, who was not the city attorney, neither he nor either of the ex-city attorneys is entitled to the costs. In those views we do not concur. We think the provision of the charter above cited was intended to give to each city attorney the compensation fixed by the fee bill for the services rendered by him during his term of office in actions in which the city ultimately succeeds, but his right to payment therefor is postponed until the costs are collected. We are also of the opinion that as Mr. Hunting acted as the attorney of the city, under a resolution of the common council, in circumstances which incapacitated the person who then held the office of city attorney from representing the city, Mr. Hunting was the city attorney *pro hac vice*, and is entitled to the costs for his services so rendered.

"It appears that in the interval between the bringing of the appeal to this court and the argument of it (and so in respect to the appeal to the Court of Appeals), the term of one city attorney expired and he was succeeded by another. Each, therefore, is to be presumed to have taken part in the 'proceedings before argument.' As only one fee for such services is included in the costs, it seems just that it should be apportioned between the two officials who contributed to the rendering of the services, and in the absence of evidence as to how much was done by each, it may be presumed that each is entitled to one-half.

"Applying these views to the admitted facts, the result is this: The entire fund amounts to the sum of four hundred and seventy-four dollars and seventy-five cents, and is in the hands of Mr. Hunting. Of that amount the sum of one hundred and thirty-six dollars and five cents, being for disbursements actually paid by the city, should be refunded to the city. Of the remainder Mr. Fitts is entitled, in his own right, to one hundred dollars, and as the assignee

of Mr. Potter to forty-five dollars; Mr. Southworth is entitled to fifty dollars and Mr. Pound to forty dollars. The balance Mr. Hunting is entitled to retain."

*James F. Fitts*, for the appellants.

*S. Cady Murray*, for the respondents.

Opinion by SMITH, P. J.; HAIGHT, BARKER and BRADLEY, JJ., concurred.

Judgment reversed, and judgment ordered as indicated in the opinion, without costs to either party.